UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

    v.

KINLAWYED HENDRIX,

      Defendant.

Case No. 2:13-cr-289(1)
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Kinlawyed Hendrix's ("Defendant") Motions for Compassionate Release. (ECF Nos. 367, 377.) The Government opposes Defendant's release. (ECF No. 370.) For the following reasons, the Court **DENIES** Defendant's Motions for Compassionate Release.

### I.

On June 19, 2014, Defendant pleaded guilty to Conspiracy to Possess with Intent to Distribute more than one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), and 846. (ECF No. 143.) Defendant appeared for sentencing before the Honorable George C. Smith on January 14, 2015 and was sentenced to 127 months' imprisonment followed by a five-year term of supervised release. (ECF No. 240.) Due to the COVID-19 pandemic, Defendant now asks the Court for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 367, 377.)

### II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized

1

courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11. But district courts may skip this second step and have "full discretion to

2

define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, — F.3d —, No. 20-3701, 2020 WL 6817488, at *8–9 (6th Cir. Nov. 20, 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Defendant requests a compassionate release. He argues that he has a high risk of contracting severe COVID-19 while incarcerated at FCI Pekin because: he is 33 years old; he is male; he is Black; he has hypertension; he is "morbidly obese with a body mass index of 35.0–35.9"; and he has bone spurs in his left knee and arthritis in both knees. (ECF No. 377 at 5.) Defendant indicated in his first Motion for Compassionate Release that he served a request for release on the warden of his institution prior to filing his Motion with this Court. (ECF No. 367 at 3.) Taking Defendant at his word, more than 30 days have passed since the warden received these requests; therefore, Defendant has met the administrative requirements of § 3582(c)(1)(A) and the Court has authority to decide this motion.

**A. Defendant has not established extraordinary and compelling reasons for release.**

When an inmate files a motion for compassionate release—as Defendant has done here—the Court has "full discretion to define 'extraordinary and compelling'" and is not bound by the reasons listed in policy statement § 1B1.13. *Jones*, 2020 WL 6817488, at *9. In defining "extraordinary and compelling," many courts have held that a generalized risk of contracting

3

COVID-19 while incarcerated is not extraordinary and compelling. *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see also United States v. Pratt*, No. 16-CR-20677-5, 2020 WL 6382864, at *4 (E.D. Mich. Oct. 30, 2020) (denying compassionate release to a 23-year-old inmate with asthma); *United States v. Cleveland*, No. 1:17-CR-29, 2020 WL 6119416, at *2 (N.D. Ohio Oct. 16, 2020) (denying compassionate release to 37-year-old inmate with Hepatitis C and anxiety). Likewise, "medically managed serious health conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and compelling reasons' justifying release[.]" *United States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)).

In this case, Defendant has not demonstrated extraordinary and compelling reasons warranting a compassionate release. He has obesity, which the CDC defines as having a body mass index between 30 kg/m$^2$ and <40kg/m$^2$/m2.[1] Obesity does increase the risk of severe illness from COVID-19, but can be managed through nutrition and physical activity.[2] Defendant also has hypertension, but the CDC states that individuals suffering from hypertension only "might" be at an increased risk for severe illness from COVID-19.[3] Defendant's obesity and the general risk of contracting COVID-19 while incarcerated do not amount to extraordinary and compelling reasons. The BOP has taken unprecedented steps to curtail the spread of COVID-19 within its facilities and

---

[1] CDC, *Overweight, Obesity and Severe Obesity*, Coronavirus Disease 2019 (COVID-19) (Updated Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#obesity

[2] *Id.*

[3] CDC, *People with Certain Medical Conditions*, Coronavirus Disease 2019 (COVID-19) (Updated Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions.

should continue to do so for as long as COVID-19 poses a threat to those in its care.[4]  While it is true that the BOP has a number of active COVID-19 cases, the spread of the virus is not unique to BOP facilities.  COVID-19 continues to spread at alarming rates across the country—especially in Illinois, where Defendant is currently incarcerated.[5]  Given the spike of COVID-19 cases in society, it is unknown to what degree removing Defendant from confinement would lessen his risk of contracting COVID-19.  This fact makes Defendant's case for an early release even less compelling.

Defendant cites *United States v. Hunt*, 459 F. Supp. 3d 932 (E.D. Mich. 2020), in support of his argument that obesity is an extraordinary and compelling reason for release. (ECF No. 377.) But Defendant's case is nothing like *Hunt*.  In *Hunt*, the Court granted a compassionate release to the defendant due to his medical conditions and incarceration at FCI Milan placing him at a high risk of contracting severe COVID-19.  459 F. Supp. 3d at 940.  The defendant in that case suffered from congestive heart failure, diabetes mellitus (type two), asthma, obesity, and sleep apnea.  *Id.* at 934.  Even more dire, the defendant had been hospitalized "multiple times" in the six months prior to filing his motion for compassionate release.  *Id.*  Defendant's situation here does not come close to the defendant's situation in *Hunt*.  And the dissimilarity becomes greater when considering that the defendant in *Hunt* was serving a 30-month term for a non-violent offense, *id.*, unlike Defendant, who is serving a 127-month term for distribution of a dangerous narcotic. In sum, Defendant has not surmounted the high bar of "extraordinary and compelling" required for relief under § 3582(c)(1)(A)(i).

---

[4] *See* BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (accessed on Dec. 4, 2020).
[5] *See* Illinois Department of Public Health, *COVID-19 Statistics*, https://www.dph.illinois.gov/covid19/statistics (accessed on Dec. 4, 2020).

### B. The sentencing factors also weigh against release.

Even if Defendant could show extraordinary and compelling reasons, the sentencing factors set forth in 18 U.S.C. § 3553(a) counsel against granting a compassionate release. *See Ruffin*, 2020 U.S. App. LEXIS 33689, at *19 ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."); *see also United States v. McGuire*, 822 F. App'x 479, 480 (6th Cir. 2020) (affirming district court's denial of compassionate release based on the § 3553(a) factors even assuming that Defendant demonstrated extraordinary and compelling circumstances). Before granting compassionate release, the Court is required to consider whether such release would comport with the § 3553(a) sentencing factors. § 3582(c)(1)(A). Those factors are as follows:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

§ 3553(a).

Starting with the nature and circumstances of the offense, Defendant took on a supervisory role in a serious heroin conspiracy that involved transporting a large quantity of heroin from Chicago to Ohio. The distribution of heroin—especially a large amount of heroin—is a dangerous and significant offense that endangered the community. Turning to his history and characteristics,

Defendant had a difficult upbringing and turned to drug trafficking to raise money for his child. The sentencing court considered this mitigating factor at sentencing in conjunction with the seriousness of his offense and imposed a below-guidelines sentence of 127 months. *See Ruffin*, 2020 U.S. App. LEXIS 33689, at *19 ("When reviewing such a discretionary decision, we consider the entire record, including the court's balancing of the § 3553(a) factors at the original sentencing."). Defendant's offense is too serious to warrant serving a lower sentence than the one originally imposed. Releasing Defendant at this time would allow him to escape serving at least the statutorily proscribed 10-year minimum.

In short, releasing Defendant with more than 24 months remaining on his sentence would fail to "reflect the seriousness of the offense," to "deter others from criminal conduct," to "provide just punishment for the offense" and to "protect the public from further crimes of the defendant[.]" § 3553(a)(2). As such, even if Defendant could show extraordinary and compelling reasons for release, the Court would deny Defendant's release under the § 3553(a) factors.

## IV.

Accordingly, the Court **DENIES** Defendant's Motions for Compassionate Release. (ECF Nos. 367, 377.)

**IT IS SO ORDERED.**

**1/14/2021**          **s/Edmund A. Sargus, Jr.**
**DATE**                    **EDMUND A. SARGUS, JR.**
                                 **UNITED STATES DISTRICT JUDGE**